**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMAD SHAPOUR ARIAN, an individual; DEENA ARIAN, an individual, <br><br>    Plaintiffs - Appellants, <br><br>  v. <br><br> CITY OF LOS ANGELES; CHARLES BECK, as an individual and in his official capacity as Chief of Police; JOSE ANZORA, Serial No. 40848; DANIEL BUNCH, Officer, Serial No. 37019; DEXTER BARRAS, Officer, Serial No. 38028; GARY HANSEN, Officer, Serial No. 39218; ROBERT CHAVIRA, Officer, Serial No. 31281; ROBERT LUNA, Serial No. 32963; ROY GUTHRIE, Sergeant, Serial No. 26211; RYAN SHAFFER, Officer, Serial No. 38771, <br><br>    Defendants - Appellees. | No. 13-56529 <br><br> D.C. No. 2:12-cv-05261-RGK-PLA <br> Central District of California, Los Angeles <br><br><br> ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC |

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

The memorandum disposition, filed November 16, 2015, is amended as follows:

1. At page 3, line 13–18, replace <the test to determine whether a

homicide is "justifiable" under California law parallels the reasonableness inquiry used to analyze federal constitutional claims. *See Hernandez v. City of Pomona*, 207 P.3d 506, 514–16 (Cal. 2009). Because Defendants' use of force was objectively reasonable under the Fourth Amendment, summary judgment was appropriate as to Plaintiffs' state tort claims.> with <the test to determine whether a homicide is "justifiable" under California law "is whether the circumstances reasonably created a fear of death or serious bodily harm to the officer or to another." *Id*. (quotation marks and alteration omitted). Here, the circumstances reasonably created a fear of death or serious bodily harm, and because the officers acted accordingly, summary judgment was appropriate as to Plaintiffs' state tort claims. *See Hayes v. Cty. of San Diego*, 305 P.3d 252, 256 (Cal. 2013).>

With this amendment, the panel judges have voted to deny appellants' petition for panel rehearing. Judge Bybee voted to deny the petition for rehearing en banc, and Judges Farris and Trott recommended denying the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellant's petition for rehearing and petition for rehearing en banc, filed November 24, 2015, is DENIED. The panel will not entertain future petitions for

rehearing.